May Term,
1839.
—————
HILDRETH
v.
THE STATE.

Tuesday,
May 21.

## HILDRETH v. THE STATE.

*A.* and *B.* entered into a recognizance, by which they acknowledged themselves indebted to the state in the sum of 1,000 dollars each. *Held,* that the recognizance was several, and not joint and several. *Held,* also, that a joint *scire facias* will not lie, in such case, against the recognizors.

Tuesday,
May 21.

ERROR to the *Jefferson* Circuit Court.

DEWEY, J.—*Rufus Hildreth* and *Henry Hildreth* entered into a recognizance, by which they "acknowledged themselves to owe and stand indebted to the state of *Indiana* in the sum of 1,000 dollars each," provided default should be made in the condition thereof. The recognizance was forfeited by their default ; upon which a joint *scire facias* issued against both.

*Henry Hildreth,* the plaintiff in error, appeared and demurred to the *scire facias,* assigning for cause of demurrer, that the recognizance was several, and would not sustain a joint *scire facias.* The Court overruled the demurrer, and rendered judgment of execution against him.

We think the decision was wrong. The recognizance was several, and not joint and several. Each recognizor undertook for himself only to pay 1,000 dollars. Were the recognizance joint and several, the state could hold either of the recognizors to the payment of the aggregate sum for which both were bound. This, we think, would be doing violence to the letter and spirit of the recognizance.

In the case of *Collins et al.* v. *Prosser et al.*, the Court of King's Bench held a bond by which the obligors bound themselves in these words—" We bind ourselves and *each* of us for himself for the whole and entire sum of 1,000*l.* each," to be a several, and not a joint and several bond. 3 D. & R. 112.

As the recognizance was several, each recognizor was severally liable ; but a joint *scire facias* will not lie upon a several recognizance. *Thompson et al.* v. *The State*, 4 Blackf. 188.

There was another cause of demurrer assigned which cannot be sustained.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer set aside. Cause remanded, &c.

*J. G. Marshall* and *C. Cushing*, for the plaintiff.
*W. Quarles*, for the state.